# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL R. JAMES, JR., <br><br> Plaintiff, <br><br> v. <br><br> HUNT, LINCONLIN, and CLARK, <br><br> Defendants, | Case No. 3:25-cv-00011-SLG |
| PAUL R. JAMES, JR., <br><br> Plaintiff, <br><br> v. <br><br> SEAIRS, QUEENSON and BYRON, <br><br> Defendants, | Case No. 3:25-cv-00012-SLG |

## SCREENING ORDER & NOTICE OF THIRD STRIKE

On January 17, 2025, self-represented prisoner Paul R. James, Jr. ("Plaintiff") filed the above-captioned civil actions. Upon review, the two cases have similar deficiencies and contain overlapping claims and related factual allegations. Therefore, the Court now screens the cases collectively pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the other cases Plaintiff has filed in federal court.[1]

---

[1] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those

The Court has now screened Plaintiff's Complaints in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, each of Plaintiff's Complaints fails to adequately state a claim for which relief may be granted. Therefore, the Complaint in each of the above cases is DISMISSED. However, Plaintiff is accorded **60 days from the date of this order to file an amended complaint in Case No. 3:25-cv-00011-SLG ("Case 11") as to only his retaliation claim against Correctional Officer ("CO") Clark.** The Court finds that no additional facts could be added that would give rise to a plausible claim of a constitutional violation against the remaining Defendants named in both cases.

For the reasons explained in this order, Case No. 3:25-cv-00012-SLG ("Case 12") must be dismissed without leave to amend. This dismissal counts as a "strike" against Plaintiff. **Plaintiff has now accumulated three strikes.** Therefore, Plaintiff must not file any new cases in federal court without prepaying the full filing fee or demonstrating that he qualifies for the imminent danger exception as explained below.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or

---

proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 2 of 19

Case 3:25-cv-00011-SLG     Document 5     Filed 05/27/25     Page 2 of 19

officer or employee of a governmental entity.[2] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[3]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[4] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[5] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[6] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[7]

---

[2] 28 U.S.C. §§ 1915, 1915A.

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[5] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[6] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 3 of 19

Case 3:25-cv-00011-SLG     Document 5     Filed 05/27/25     Page 3 of 19

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[9]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[10] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[11] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is

---

(2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[8] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 4 of 19

Case 3:25-cv-00011-SLG     Document 5     Filed 05/27/25     Page 4 of 19

plausible on its face."[12] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

### II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[14] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[15] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[16] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[17]

---

[12] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[13] *Ashcroft,* 556 U.S. at 678.

[14] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[15] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[16] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[17] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 5 of 19
Case 3:25-cv-00011-SLG   Document 5   Filed 05/27/25   Page 5 of 19

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[18] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint . . . name all the parties" and a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[19] Vague and conclusory allegations of constitutional violations are not sufficient.[20] A complaint must give each defendant fair notice of the plaintiff's claim against that specific defendant and the grounds upon which it rests."[21]

### III. Screening Review of Plaintiff's Claims

#### A. *James v. Hunt, et al.,* 3:25-cv-00011-SLG ("Case 11")

In Claim 1 of Case 11, Plaintiff alleges that in August 2024, Ms. Hunt, a DOC employee working in the kitchen, cast a witchcraft spell on him and unnamed women at Goose Creek, so that the women would lust after Plaintiff.[22] Plaintiff claims this constitutes sexual harassment and cruel and unusual punishment.

---

[18] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[19] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[20] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[21] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).

[22] Case 11, Docket 1 at 3.

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 6 of 19
Case 3:25-cv-00011-SLG   Document 5   Filed 05/27/25   Page 6 of 19

In Claim 2, Plaintiff alleges that in September 2024, Correctional Officer LinconLin violated his right to be free from cruel and unusual punishment by failing to report Ms. Hunt for casting the lust spell, despite being aware of the situation, thereby neglecting her duty to protect Plaintiff.[23]

In Claim 3, Plaintiff alleges that on or about November 17, 2024, Correctional Officer Clark took photographs of Plaintiff's legal documents of his claims in Case 12 (discussed below) on his personal cell phone and shared them with the correctional officers named as defendants in that case.[24] Plaintiff claims this was an illegal search and seizure and violated his right to be free from cruel and unusual punishment.

For relief, Plaintiff seeks $250,000 in damages, $250,000 in punitive damages, an order requiring Defendants to be summoned, and other incomprehensible relief.[25] Specifically, Plaintiff wrote, "My 14th Amendment moves for Class Action 'Parties Joint'" and then listed various statutes, court rules, names, etc. that are inapplicable to the issues in this case.[26]

---

[23] *Id.*

[24] Docket 1 at 5.

[25] *Id.* at 8.

[26] Case 11 Docket 1 at 8.

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 7 of 19

Case 3:25-cv-00011-SLG   Document 5   Filed 05/27/25   Page 7 of 19

In Case 11, Plaintiff recently filed a document entitled "Motion to Riase of Claims, for Retaliation's, and Harassment."[27] A motion is a request for specific relief from the Court. Liberally construed, the motion appears to be an attempt to add additional claims against Officer Johnson and Staff Hunt for allegedly threatening to put Plaintiff into segregation after he quit his job in the kitchen. To the extent Plaintiff is seeking to supplement his Complaint, the motion at Docket 4 in Case 11 is DENIED. Even if Plaintiff was threatened to be placed in segregation after he quit his kitchen job, that does not plausibly allege a constitutional violation. And procedurally, a party seeking to supplement his complaint must file a motion seeking to supplement and attach to the motion the proposed amended complaint. *See* Rule 15, Federal Rules of Civil Procedure; District of Alaska Local Civil Rule 15.1.

### B. *James v. Seairs, et al.,* Case No. 3:25-cv-00012-SLG ("Case 12")

In Case 12, Plaintiff describes a series of alleged retaliatory and harassing actions by three correctional officers, Seairs, Queenson, and Byron.

In Claim 1, Plaintiff alleges that beginning in July 2024, CO Seairs falsely claimed to be Plaintiff's "girlfriend." Plaintiff claims the CO's actions and advances are "because of the kitchen staff," which may be referring to the witchcraft spell

---

[27] Docket 4.

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 8 of 19
Case 3:25-cv-00011-SLG    Document 5    Filed 05/27/25    Page 8 of 19

described in Case 11.[28] Plaintiff claims that when he reported CO Seairs' behavior to other correctional staff, he was retaliated against, primarily by being awoken by slamming doors. He alleges this violated his right to be free from cruel and unusual punishment.[29]

In Claim 2, Plaintiff alleges CO Queenson harassed him in August 2024 by viewing the surveillance cameras and—acting in concert with CO Seairs—giving kitchen staff false information about him in violation of his right to be free from cruel and unusual punishment.[30]

In Claim 3, Plaintiff alleges in July 2024, CO Byron interfered with his legal actions and violated his right to be free from cruel and unusual punishment by refusing to provide Plaintiff with his prisoner account statements and notary services.[31]

For relief, Plaintiff seeks $250,000 in damages, $250,000 in punitive damages, a subpoena, among other relief.

### C. Verbal Harassment

Verbal abuse and threats are not sufficient to establish a violation of Plaintiff's constitutional rights.[32] Specifically, verbal harassment, even language

---

[28] Case 12, Docket 1-1.

[29] Case 12, Docket 1 at 3.

[30] Case 12, Docket 1 at 5.

[31] Case 12, Docket 1 at 6.

[32] *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) ("As for being subjected to abusive

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 9 of 19
Case 3:25-cv-00011-SLG   Document 5   Filed 05/27/25   Page 9 of 19

including sexual comments, generally does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.[33] Therefore, Plaintiff cannot proceed in federal court on a claim based on allegations of verbal harassment by the named Defendants. Plaintiff has also failed to state a plausible failure to protect claim against CO LincolnLin for failing to report the alleged verbal harassment.[34] Based on Plaintiff's narrative, the Court finds no additional facts could be added that could amount to a plausible constitutional violation with respect to the alleged verbal harassment. Therefore, giving Plaintiff an opportunity to file an amended complaint to try to state such a claim against any of the named Defendants in either Case 11 and Case 12 would be futile. Plaintiff must not include any claims regarding alleged verbal harassment in an amended complaint against any named Defendant.

### D. Retaliation and Access-to-Courts Claims

#### 1. Plaintiff's claims against CO Byron are dismissed without leave to amend

In Case 12, Plaintiff claims that CO Byron violated his right to access the courts by refusing to provide Plaintiff with his prisoner account statements and

---

language ... [v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citation omitted).

[33] *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996) (holding "verbal harassment generally does not violate the Eighth Amendment," especially without evidence "that these comments were unusually gross even for a prison setting").

[34] *See* Ninth Circuit Manual of Model Civil Jury Instruction 9.28 (Eighth Amendment—Convicted Prisoner's Claim of Failure to Protect) and the cases cited therein.

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 10 of 19
Case 3:25-cv-00011-SLG    Document 5    Filed 05/27/25    Page 10 of 19

notary services.[35] But in Case 11, Plaintiff filed a copy of his prisoner account statement,[36] and the DOC records that Plaintiff filed demonstrate that the other denials of documents were based on Plaintiff's financial status and submission of incorrect paperwork.[37] Additionally, Rule 11 of the Federal Rules of Civil Procedure requires that every pleading, written motion, and other paper must be signed by a self-represented litigant, but there is no requirement for notarization. For these reasons, Plaintiff's claim against CO Byron is at odds with the record and fails to state a plausible constitutional claim. The Courts finds that allowing leave to amend such a claim against CO Byron is futile.

### 2. *Plaintiff may file an amended complaint as to only his claims against CO Clark*

In Case 11, Plaintiff claims CO Clark took photographs on his personal cell phone of Plaintiff's legal documents, including his claims in Case 12, and shared them with the correctional officers named as defendants in that case.[38] In the Ninth Circuit, "legal mail" is limited to correspondence between a prisoner and his lawyer.[39] Mail to or from a court is not considered "legal mail" and can be opened

---

[35] Case 12, Docket 1 at 6.

[36] Case 11, Docket 1-1.

[37] *See, e.g.,* Case 11, Dockets 1-2, 1-3, and 1-4.

[38] Docket 1 at 5.

[39] *Hayes v. Idaho Corr. Ctr.,* 849 F.3d 1204 (9th Cir. 2017) (holding that mail from the courts, as contrasted to mail from prisoner's lawyer, is not "legal mail," and thus may be opened by prison employees outside prisoner's presence without violating his First Amendment rights).

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 11 of 19
Case 3:25-cv-00011-SLG    Document 5    Filed 05/27/25    Page 11 of 19

outside the inmate's presence without violating the inmate's First Amendment rights. Further, a plaintiff cannot bring criminal charges in a civil complaint and violations of prison policies, standing alone, do not give rise to a constitutional violation.[40]

But interference or inspection of a prisoner's legal documents for retaliatory purposes and the unauthorized photographing of legal documents on a CO's personal device might give rise to a constitutional violation. Liberally construed, Plaintiff may be able to state a plausible retaliation claim against CO Clark, but if he seeks to proceed with this claim, he must file an amended complaint in compliance with Rule 8 and the information provided in this order.[41] Plaintiff must plead facts to support each element of his retaliation claim against CO Clark, providing a short and plain statement that shows entitlement to relief.[42]

To prevail on a retaliation claim, a prisoner must plead sufficient facts, that if accepted as true, support each of the following elements:

---

[40] *Cousins v. Lockyer,* 568 F.3d 1063, 1070 (9th Cir. 2009).

[41] *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a complaint that is "verbose, confusing and conclusory" violates Rule 8).

[42] *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629, 634 (S.D.Cal.1998) (explaining that a federal court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action").

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 12 of 19
Case 3:25-cv-00011-SLG   Document 5   Filed 05/27/25   Page 12 of 19

(1) the plaintiff was engaged in conduct protected under the First Amendment, such as filing a grievance or pursuing litigation;

(2) the defendant took adverse action against the plaintiff;

(3) the defendant took the adverse action against the plaintiff because of the plaintiff's protected conduct;

(4) the adverse action taken by the defendant chilled the plaintiff's exercise of his First Amendment rights; and

(5) the action taken by the defendant did not reasonably advance a legitimate correctional goal.[43]

A plaintiff bears the initial burden of showing that the exercise of his First Amendment rights was a substantial or motivating factor behind the defendant's conduct.[44] "[M]ere speculation that defendants acted out of retaliation is not sufficient."[45] An adverse action is any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter a prisoner from engaging in protected activity.

---

[43] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.11A and the cases cited therein.

[44] *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

[45] *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 13 of 19
Case 3:25-cv-00011-SLG    Document 5    Filed 05/27/25    Page 13 of 19

## IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[46] An amended complaint must allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[47] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct—in this case, a retaliation claim against CO Clark.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[48] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

---

[46] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[47] Fed. Rule Civ. Proc. 8(a)(2).

[48] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 14 of 19
Case 3:25-cv-00011-SLG   Document 5   Filed 05/27/25   Page 14 of 19

## V. Case 11 is Deficient

To properly commence a civil action, a litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed application to waive prepayment of the filing fee.[49] Plaintiff filed an application to waive prepayment of the filing fee in Case 12,[50] but he only filed a copy of his prisoner account statement in Case 11.[51] Therefore, Case 11 is deficient. Should Plaintiff choose to file an amended complaint in Case 11, he must also either pay the filing fee of $405.00 or file a completed signed application to waive prepayment of the filing fee in that case.

## VI. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[52] If a prisoner has three or more strikes, he is prohibited from bringing a civil rights action in federal court without prepayment of the filing fee unless he "is under imminent

---

[49] Local Civil Rule 3.1.

[50] Case 12, Docket 2.

[51] Case 11, Docket 1-1.

[52] 28 U.S.C. § 1915(g).

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 15 of 19
Case 3:25-cv-00011-SLG   Document 5   Filed 05/27/25   Page 15 of 19

danger of serious physical injury."[53] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[54]

**Plaintiff has now accumulated three strikes.** Specifically, Plaintiff received strikes in Case Nos. 3:22-cv-00246-JMK and 3:22-cv-00269-JMK, and now, in Case No. 3:25-cv-00012-SLG. Therefore, Plaintiff is prohibited from bringing any new civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he files the complaint, "the prisoner is under imminent danger of serious physical injury."[55]

Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[56] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[57] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[58]

---

[53] 28 U.S.C. § 1915(g).

[54] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[55] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[56] *Andrews,* 493 F.3d at 1056 (cleaned up).

[57] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[58] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 16 of 19
Case 3:25-cv-00011-SLG     Document 5     Filed 05/27/25     Page 16 of 19

**IT IS THEREFORE ORDERED:**

1. The Complaint in each of the above-captioned cases is **DISMISSED for failure to state a claim**.

2. In **Case No. 3:25-cv-00011-SLG**, Plaintiff is granted leave to file an amended complaint but only as to his retaliation claim against CO Clark. No other individuals shall be named as defendants and no new claims apart from a retaliation claim shall be included in the amended complaint against CO Clark. The motion at Docket 4 is DENIED.

3. **Case No. 3:25-cv-00012-SLG is DISMISSED** without leave to amend. This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g).

4. In Case No. 3:25-cv-00011-SLG, Plaintiff is accorded **60 days** from the date of this order to file either:

    a. First Amended Complaint, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order and should only include a retaliation claim against CO Clark; OR

    b. Notice of Voluntary Dismissal, in which Plaintiff elects to close and end Case 11.

5. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form in Case, Case No. 3:25-cv-00011-

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 17 of 19
Case 3:25-cv-00011-SLG   Document 5   Filed 05/27/25   Page 17 of 19

SLG shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff as a strike for failure to state a claim.

6. If Plaintiff fails to pay the filing fee or file an application to waive prepayment in accordance with this order in Case 11, that case will be dismissed.

7. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[59] Should Plaintiff proceed with Case 11, the Court will issue a separate order for the collection of the filing fee.

8. All pending motions in Case No. 3:25-cv-00012-SLG are **DENIED as moot.**

9. Plaintiff has accumulated **THREE STRIKES** and must not file any new civil rights cases in any federal court without prepaying the filing fee unless he demonstrates that he is under imminent danger of serious physical injury at the time of filing of the complaint.

10. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[60] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[59] 28 U.S.C. § 1915(b)(1)&(2).

[60] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 18 of 19
Case 3:25-cv-00011-SLG   Document 5   Filed 05/27/25   Page 18 of 19

11. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

12. With this order, the Clerk is directed to send: (1) form PS01, with Case No. 3:25-cv-00011-SLG identified on the first page and "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS10, Prisoner's Application to Waive Prepayment of the Filing Fee.

DATED this 27th day of May, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00011-SLG, *James v. Hunt, et al.*
Case No. 3:25-cv-00012-SLG, *James v. Seairs, et al.*
Screening Order
Page 19 of 19

Case 3:25-cv-00011-SLG   Document 5   Filed 05/27/25   Page 19 of 19